[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16632
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2007
THOMAS K. KAHN
CLERK

BIA Nos.
A78-611-452
A78-611-453

JORGE ENRIQUE VIERA,
ANGELA MARIA SARASA-URREA,
JUAN JACOBO VIERA-SARASA,
CAMILA VIERA-SARASA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 25, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Enrique Viera, on behalf of himself, his wife, Angela Sarasa Urrea, and their two children, Juan and Camila Viera Sarasa, all citizens of Colombia, petitions for review of the order of the Board of Immigration Appeals that affirmed the decision of an Immigration Judge to deny his application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture, 8 U.S.C. § 1231(b)(3). The Board of Immigration Appeals denied Viera's application because it concluded that he had not suffered past persecution and did not have a well-founded fear of future persecution if he returned to Colombia. Because substantial evidence supports the decision of the Board of Immigration Appeals, we deny the petition.

## I. BACKGROUND

Viera and his family entered the United States in October 2000 as non-immigrant visitors. Shortly thereafter, Viera filed an application for asylum, withholding of removal and protection under CAT based on his political opinion. Viera alleged persecution by the Revolutionary Armed Forces of Colombia (FARC) for his political activism as a member of the Liberal Party in Colombia.

Viera testified that he was an active member of the Liberal Party from 1997 to 2000. He alleged that starting in 1998, he received several threatening phone calls from members of FARC at his home and office. In August 2000, Viera filed a lawsuit against the Colombian government in which he challenged a grant of land

2

by the government to the guerillas. Viera asserted that after the lawsuit the threats got stronger. Viera testified that on September 10, 2000, an unknown man shot at him and a friend, killing the friend, while they were in a meeting at one of Viera's properties in Colombia. In his application for asylum, Viera noted that the shooter said, "Viera, you are going to die," but at the hearing before the Immigration Judge, Viera changed his account of this incident. Viera testified that the shooter shot at him "in the name of the revolution." Viera's application for asylum alleged that he moved his family to a different house, but the FARC found him in October 2000 and told him that he was "not going to be so lucky" next time. At the hearing, Viera testified that he did not relocate to another city because the FARC operated everywhere and would find him wherever he went. Viera and his family fled Colombia and came to the United States in October 2000.

The Immigration Judge denied the application for relief. The Immigration Judge found that Viera's testimony was credible insofar as it was not "materially at odds" with his application for asylum. The Immigration Judge found that there was a material discrepancy between Viera's written application and testimony regarding the statement and purported motivation of the unknown shooter. Viera appealed to the Board of Immigration Appeals. In a separate opinion, the BIA found that Viera failed to establish that he suffered past persecution or that his fear of future persecution was well-founded. The BIA also found that Viera failed to

establish eligibility for withholding of removal or relief under CAT.

## II. STANDARD OF REVIEW

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations of the BIA under the substantial evidence test. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "The trier of fact must determine credibility, and this [C]ourt may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

## III. DISCUSSION

Viera contends that the BIA erroneously denied his application for asylum, request for withholding of removal, and relief under CAT. Substantial evidence supports the decision of the BIA that Viera failed to establish past persecution, a well-founded fear of future persecution, or that he was entitled to withholding of removal or relief under CAT. We deny Viera's petition.

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation[.]" Sepulveda, 401 F.3d at 1231. (quotation omitted). "[M]ere harassment does not amount to persecution." Id.

4

The Board of Immigration Appeals concluded that the incidents of which Viera complained did not rise to the level of persecution. To grant Viera's petition on the ground that he established past persecution, we must conclude that the evidence compels the opposite conclusion. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236–37 (11th Cir. 2006).

Substantial evidence supports the determination of the BIA that Viera did not suffer past persecution. Viera and his family were the subject of telephone threats from FARC members, but were never physically harmed. Viera was the victim of an attempted shooting, but there is substantial evidence that the shooting was a random criminal act, not an attempted murder by a member of FARC. Id. at 1234-38. The harassing phone calls and attempted shooting do not rise to a level that would compel the finding that Viera suffered past persecution on account of his political opinion or any other protected ground.

Neither does the evidence compel the finding that Viera has a well-founded fear of future persecution. As the BIA explained, "the record does not contain any evidence to show that members of FARC continue to have an interest in threatening or harassing the lead respondent or his family." We must deny the petition for review of the denial of asylum.

Viera's claims for withholding of removal and relief under the Convention Against Torture also fail. Because Viera did not "meet the 'well-founded fear'

5

standard for asylum, it is <u>a fortiori</u> that he cannot meet the withholding of removal standard." <u>D-Muhumed</u>, 388 F.3d at 819 (citations omitted). Likewise, Viera did not establish that it was "more likely than not" that he would be tortured if he were returned to Colombia. <u>See</u> 8 C.F.R. § 208.16(c)(2).

## IV.  CONCLUSION

Viera's petition for review is

**DENIED.**